**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| STANDARD INNOVATION CORP., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| LELOI  AB *et al.,* | § | **Jury Trial Demanded** |
| | § | |
| *Defendants.* | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Standard Innovation Corporation makes the following allegations for its Complaint against the defendants, LELOi AB, LELO Inc., and LELO (hereinafter collectively referred to as "LELO"):

### Parties

1.     Plaintiff Standard Innovation Corporation ("SIC"), is a corporation organized under the laws of Canada, having its principal place of business at 330-1130 Morrison Dr, Ottawa, Ontario K2H 9N6, CANADA.

2.     Defendant LELOi AB ("LELO Sweden") is a corporation organized under the laws of Sweden, having its principal place of business at Brunnsgatan 8, 111 38 Stockholm, SWEDEN.  Under Fed. R. Civ. P. 4(f)(1) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, LELO

Sweden may be served by forwarding a summons, complaint, and formal request to the Swedish Central Authority at Utrikes Departmentet, Juridiska Byran, Box 16121, S-103 23 Stockholm 16, Sweden.

3.      Defendant LELO Inc. ("LELO USA") is a California corporation and maintains its principal place of business at 4320 Stevens Creek Blvd., Suite 205, San Jose, California 95129.  LELO USA may be served by service on its registered agent, Pavle Sedic, at 172 Bel Ayre Dr., San Jose, California 95117.

4.      Defendant LELO ("LELO China") is a corporation organized under the laws of the People's Republic of China and maintains its principal place of business at Room 701~706, Guobang Garden, No.10, 396 South Wulumuqi Road, Shanghai, CHINA 20003.  Under Fed. R. Civ. P. 4(f)(1) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, LELO China may be served by forwarding a summons, complaint, and formal request to the Chinese Central Authority at International Legal Cooperation Center, Ministry of Justice of the People's Republic of China, 10, Chaoyangmen Nandajie, Chaoyang District, Beijing 100020, CHINA.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction over the claims set forth below based on applicable statutory provisions, including 28 U.S.C. §§ 1331 and

1061608

1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.      This Court has personal jurisdiction over each of the defendants based on its business activities directed to this District and the acts which are complained of in this Complaint.   Upon information and belief, each of the defendants has transacted business in this District directly or indirectly, continues to transact business in this District, has committed and/or induced acts of infringement in this District, and continues to commit and/or induce acts of infringement in this District including but not limited to the sale or offer for sale of infringing products in this District.

7.      Venue is proper in this Court under 35 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.   Upon information and belief, each of the defendants has transacted business in this District directly or indirectly, continues to transact business in this District, has committed and/or induced acts of infringement in this District, and continues to commit and/or induce acts of infringement in this District including but not limited to the sale or offer for sale of infringing products in this District.

## Background Facts

8.      On April 26, 2011, the United States Patent & Trademark Office ("USPTO") issued U.S. Patent No. 7,931,605 ("the '605 Patent"), entitled "Electro-Mechanical Sexual Stimulation Device to be Worn During Intercourse." SIC is the owner by assignment of all right, title, and interest in the '605 Patent, including the right to recover damages for past, present, and future infringement of the patent and the right to seek injunctive relief against infringement of the patent. A true and correct copy of the '605 Patent is attached as Exhibit A.

9.      LELO Sweden is the Swedish company behind the LELO group of companies, which includes the other defendants.  LELO manufactures all its products in-house (including LELO China) and currently sells in over 35 international markets, with LELO offices extending from Stockholm to San Jose, from Sydney to Shanghai.

10.      Upon information and belief, LELO is in the business of, among other things, making, using, offering for sale, and selling intimate lifestyle products and bedroom accessories such as personal massagers, massage oils, candles, and intimate apparel.  Included in these products are a line of personal massagers (which LELO refers to as "Pleasure Objects"), including couples massagers which may be worn by women during intercourse.  These massagers include the TIANI™ and the MAHANA™ couples massagers.

## Count I – Infringement of the '605 Patent

11.     SIC incorporates the allegations contained in paragraphs 1-10 above as if set forth verbatim herein.

12.     On information and belief, LELO has committed, and will continue to commit, acts of infringement of the '605 Patent by making, using, importing, offering to sell, and selling products (including by way of example the TIANI™ and the MAHANA™ couples massagers) which infringe the '605 Patent.

13.     On information and belief, LELO has induced, and will continue to induce, acts of infringement of the '605 Patent by making, using, importing, offering to sell, and selling products which infringe the '605 Patent.

14.     On information and belief, LELO has committed, and will continue to commit, acts of contributory infringement of the '605 Patent by making, using, importing, offering to sell, and selling products which infringe the '605 Patent.

15.     On information and belief, LELO's past and future acts of infringement of the '605 Patent have caused and will cause damages to SIC, entitling SIC to recover damages from LELO in an amount subject to proof at trial, but in no event less than a reasonable royalty extending through the life of the '605 Patent.

16.     On information and belief, LELO's continuing infringement of the '605 Patent will continue to damage SIC, causing irreparable harm for which there

is no adequate remedy at law, unless LELO is enjoined by this Court from further acts of infringement.

17.    On information and belief, LELO has known, since at least July of 2011, of the '605 Patent.  LELO has not obtained a license under the '605 Patent and has no sound or good faith basis to believe that it had the right to make, use, import, offer to sell, and/or sell products which otherwise infringe the '605 Patent. On information and belief, LELO's infringement has been and continues to be with full knowledge of the '605 Patent and therefore has been deliberate and willful.

## Remedies

18.    SIC incorporates the allegations contained in paragraphs 1-17 above as if set forth verbatim herein.

19.    As a result of LELO's past and continuing infringement of the '605 Patent, SIC has suffered and will continue to suffer irreparable injury, for which there is no adequate remedy at law.  Unless enjoined by this Court, LELO will continue to infringe and induce infringement of the '605 Patent.

20.    In addition to monetary damages, SIC also seeks a permanent injunction pursuant to 25 U.S.C. § 283 to prevent LELO's continued infringement of the '605 Patent.

1061608

21.    In view of LELO's deliberate and willful infringement of the '605 Patent, SIC seeks that its damages be trebled or otherwise enhanced pursuant to 35 U.S.C. § 284.

22.    As a result of LELO's actions, SIC has been forced to retain counsel to enforce its rights in the '605 Patent.

23.    LELO's willful infringement makes this case exceptional pursuant to 35 U.S.C. § 285.

24.    Pursuant to 35 U.S.C. § 285, and to the maximum extent permitted by law, SIC seeks to recover its reasonable attorneys' fees incurred in prosecuting this action.

## Prayer For Relief

WHEREFORE, SIC prays for entry of judgment that:

A.    The defendants have infringed and continue to infringe one or more claims of the '605 Patent;

B.    The defendants account for and pay to SIC all damages allowed by law for infringement of the '605 Patent, including trebling or other enhancement of the damages pursuant to 35 U.S.C. § 284;

C.    The defendants, and their officers, agents, servants, employees, and those persons in active concert or participation with any of them, be

1061608

preliminarily and permanently enjoined from any further infringement of the '605 Patent pursuant to 35 U.S.C. § 283;

D.      The defendants and their officers, agents, servants, employees, and those persons in active concert or participation with any of them, be ordered to deliver to SIC, for destruction at SIC's option, all products in the United States that infringe the '605 Patent and were made, sold, or offered for sale by any of the defendants.

E.      The defendants pay to SIC pre-judgment and post-judgment interest at the rate allowed by law on all damages awarded based on their patent infringement;

F.      The defendants pay to SIC all costs it incurs in connection with this action;

G.      This case be declared exceptional pursuant to 35 U.S.C. § 285 and that the defendants therefore pay SIC all attorneys' fees and other monetary compensation deemed appropriate;

H.      SIC be granted such further and additional relief as the Court may deem just and proper under the circumstances.

## Demand For Jury Trial

SIC demands trial by jury on all claims and issues so triable.

- 9 -

Respectfully submitted,

Date:  December 2, 2011

OF COUNSEL:

**OSHA LIANG LLP**
Brian Kent Wunder
   Texas Bar No. 22086700
   SDTX ID No. 6252
Louis Bonham
   Texas Bar No. 02597700
   SDTX ID No. 8300
Robert P. Lord
   Texas Bar No. 00791136
   SDTX ID No. 29279
909 Fannin Street, Suite 3500
Houston, TX  77010
Phone:        (713) 228-8600
Fax:           (713) 228-8778

/Alan D. Rosenthal/
Alan D. Rosenthal
   *Attorney-in-Charge*
   Texas Bar No. 17280700
   SDTX ID No. 1433
Two Houston Center, Suite 3500
909 Fannin Street
Houston, TX  77010
Phone:        (713) 228-8600
Fax:           (713) 228-8778

*Counsel for Plaintiff,*
*Standard Innovation Corporation*