**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STANDARD INNOVATION CORPORATION,<br><br>       Plaintiff,<br><br>       v.<br><br>LELO (SHANGHAI) TRADING CO., LTD., et al.,<br><br>       LELO. | Case No.  15-cv-04858-BLF<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPOARY RESTRAINING ORDER**<br><br>[Re:  ECF 62] |

Before the Court is Plaintiff Standard Innovation Corporation's emergency request for a temporary restraining order against Defendants LELOi AB, LELO, Inc., LELO (Shanghai) Trading Co., Ltd., Suzhou Armocon Technology Co., Ltd., SLS Specialty LLC, and 1960 Novelties, Inc. d/b/a/ Cindie's.  ECF 62.  On November 5, 2015, pursuant to Civil L.R. 7-1(b), the Court, finding this matter suitable for submission without oral argument, vacated the hearing scheduled for February 18, 2016.  ECF 100.  For the reasons discussed below, the Court DENIES Plaintiff Standard Innovation Corporation's request for a temporary restraining order.

## I.   BACKGROUND

Plaintiff Standard Innovation Corporation ("SI") commenced this action on December 2, 2011, in the Southern District of Texas, alleging that Defendants LELOi AB, LELO Inc., and LELO (collectively, "LELO") infringed U.S. Patent No. 7,931,605 ("the '605 patent").[1]  ECF 1. On the same day, SI filed a complaint at the United States International Trade Commission ("ITC") alleging that LELO infringed the '605 patent and the ITC instituted an investigation on

---

[1] On August 26, 2015, SI filed an amended complaint which added Defendants LELO (Shanghai) Trading Co., Ltd., Suzhou Armocon Technology Co., Ltd., SLS Specialty LLC, and 1960 Novelties, Inc. d/b/a/ Cindie's.  ECF 48.

1    January 4, 2012.  ECF 12.  On January 23, 2012, this action was stayed pending a final
2    determination by the ITC.  On June 17, 2013, the ITC issued a final determination finding
3    infringement and issuing a general exclusion order with respect to LELO's Tiani and Tiani 2
4    products.  Pl.'s Mot. for PI at 7, ECF 51.  The ITC did not find infringement with respect to
5    LELO's Mahana product.  *Id.*  On appeal, the Federal Circuit found that SI failed to meet the
6    domestic industry requirement of Section 337 and reversed the ITC's decision.  Def.'s Opp. to
7    TRO at 2, ECF 72.  The Federal Circuit issued its decision on May 11, 2015, *see LELO Inc. v.*
8    *USITC*, 786 F.3d 879, 885 (Fed. Cir. 2015), and this action resumed on August 4, 2015, ECF 35,
9    36.

10   On September 4, 2015, SI filed a motion for a preliminary injunction.  ECF 51.  On
11   September 18, 2015, SI filed an emergency request for a temporary restraining order.  ECF 62.
12   On September 29, 2015, LELO filed an opposition to the emergency request for a temporary
13   restraining order.  ECF 72.  While the parties were considering a briefing schedule for the motion
14   for preliminary injunction, this action was transferred from the Southern District of Texas to the
15   Northern District of California.  ECF 86 (transferring case on October 23, 2015).  On October 29,
16   2015, this action was reassigned to the undersigned.

## II.   LEGAL STANDARD

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Id.* at 20.  Alternatively, an injunction can issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in

2

plaintiff's favor," provided that "plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1135 (9th Cir. 2011) (citation and internal quotation marks omitted). Showing "serious questions going to the merits" requires more than establishing that "success is more likely than not;" rather, it requires a plaintiff to demonstrate a "substantial case for relief on the merits." *Leiva–Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011). Under either standard, the plaintiff bears the burden of making a clear showing on these elements and on entitlement to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

### III.   DISCUSSION

#### A.   Defendants LELOi AB and LELO, Inc.

To prevail on its request for a temporary restraining order, SI must demonstrate a likelihood of irreparable harm. Because the Court finds this element dispositive under either formulation of the test for a preliminary injunction, the Court addresses only whether SI has shown a likelihood of irreparable harm.[2]

SI argues that it will be irreparably harmed absent a temporary restraining order against LELO.[3] According to SI, shortly after filing for a preliminary injunction, LELO drastically reduced the prices on its products. Pl.'s Mot. for TRO at 9, ECF 62. SI argues that this conduct has the potential to put it out of business and prohibit it from enforcing its patent rights. *Id*. SI asserts that LELO's stronger and well-funded marketing combined with the fact that LELO's products may become the only "couples' massagers on the U.S. market" threatens to eliminate SI's business. *Id*. at 9-10, ECF 62 (citing Finlayson Decl. to Pl.'s Mot for PI at ¶ 7, ECF 51-36).

---

[2] The Court notes that SI's showing of its likelihood of success on the merits appears to be strong based on the ITC ruling. The Court is not, at this juncture, making a final determination on this issue. Should SI pursue a preliminary injunction, the Court will engage in a thorough analysis of the evidence.

[3] At various points in its request for a temporary restraining order, Plaintiff incorporates portions of its motion for a preliminary injunction. *See* Pl.'s Mot for TRO at 3 (incorporating background and history), 10 (appearing to incorporate discussion on issues of infringement and validity), ECF 62. In considering this Plaintiff's request for a temporary restraining order, the Court has reviewed the relevant portions of Plaintiff's motion for a preliminary injunction. However, the parties are advised that future filings must comply with the page limit requirements set forth in the local rules and the Court's standing order and may not incorporate additional materials by reference.

3

SI also argues that it has no adequate remedy at law because "losses of sales, potential sales, customers, and potential customers, and the devaluation of [SI's] intellectual property" are not easily measurable. *Id*. at 10. SI further contends that LELO may not have substantial assets in the United States, and thus, monetary damages are likely not recoverable and even if they were, SI is unlikely to survive to see a full trial because of "the escalation of [LELO's price-cutting]."

LELO argues that SI has not shown irreparable harm. According to LELO, SI's arguments are based on "conclusory attorney argument[s]" and are not supported by affidavits or evidence. Def.'s Opp. to TRO at 5, ECF 72. LELO also argues that SI has failed to show a casual nexus connecting the alleged harm to LELO's alleged infringement. *Id*. at 6-7.

The Court finds that SI has failed to show irreparable harm. SI's request for a temporary restraining order lacks evidence supporting its allegations regarding LELO's conduct. SI argues that LELO reduced the prices on the Noa, Tiani 2, Tiani 3, and Kalia in an effort to quickly unload inventory. However, SI's evidence only indicates that LELO has distributed a coupon code allowing customers to receive 20% off the purchase of a Tiani 2 or Tiani 3. *See* Exhs. 3 and 4 to Pl.'s Mot. for TRO, ECF 62-4, 62-5.[4] As LELO notes and SI does not dispute, although the Noa and Kalia products are offered at lower prices, these prices are the standard manufacturer's suggested retail price because these products offer less features. *See* Def.'s Opp. to TRO at 4, ECF 72. This highlights the problem with SI's argument – while LELO may be offering its products at a lower price than SI's products, there could be several explanations for this, such as the products having different features, beyond an effort by LELO to unload inventory to escape liability. Although SI provided the declaration of Anne Finlayson as support for its arguments, the declaration provides no evidence to support the assertion that LELO's discounts have had an actual impact on the market.

SI's argument that it has no adequate remedy at law also falls short. While SI contends that it will suffer a loss in market share and sales, "it has not presented any evidence of actual or

---

[4] The Court also notes that it is not even clear how many people received this coupon and whether it was widely disseminated or sent to a few customers. Plaintiff's exhibits only show that the coupon code was sent to one person. *Id*.

4

future losses to supports it conclusion."[5] *See Generac Power Sys., Inc. v. Kohler Co.*, 807 F. Supp. 2d 791, 805 (E.D. Wis. 2011) (noting that status as a direct competitor without further evidence is not enough to show irreparable harm). While SI correctly notes that the Court should consider the ability to recover damages from LELO and whether they have assets in the United States, SI must provide some minimal evidence about LELO's inability to pay. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155 (Fed.Cir. 2011). SI has provided no evidence about LELO's financial condition.[6] Finally, SI has failed to indicate any nexus between lost sales of its products and sales of LELO's allegedly infringing products. *Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-cv-00457-JST, 2015 WL 5568360, at *13 (N.D. Cal. Sept. 22, 2015) ("To demonstrate irreparable harm in a patent infringement suit, a patentee must establish… a sufficiently strong causal nexus relates the alleged harm to the alleged infringement."). Accordingly, SI has failed to demonstrate irreparable harm and because a temporary restraining order cannot be issued without demonstrating irreparable harm, the Court DENIES SI's request for a temporary restraining order with respect to LELO.

### B. Defendants LELO (Shanghai) Trading Co., Ltd., Suzhou Armocon Technology Co., Ltd., SLS Specialty LLC, and 1960 Novelties, Inc. d/b/a/ Cindie's

SI's request for a TRO was made *ex parte* to Defendants LELO (Shanghai) Trading Co., Ltd., Suzhou Armocon Technology Co., Ltd., SLS Specialty LLC, and 1960 Novelties, Inc. d/b/a/ Cindie's pursuant to Fed. R. Civ. P. 65(b). Pl.'s Mot. for TRO at 9, ECF 62. Federal Rule of Civil Procedure 65(b)(1), requires SI to provide "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and a certification describing the "efforts made to give notice [to the adverse party] and the reasons why it should not be required."

---

[5] Because of the motion to transfer venues, the Court notes that this request for a temporary restraining order has been pending for almost two months and SI has not provided any supplemental evidence regarding lost sales or irreparable harm.

[6] In fact, at one point in its brief, Plaintiff argues that LELO has a "well-funded marketing" operation which appears to contradict SI's assertion that LELO does not have the financial resources to pay a judgment. Pl.'s Mot. for TRO at 9, ECF 62. This also contradicts the declaration of Anne Finlayson which indicates SI has been unable to determine "the most basic of financial information about LELO." *See* Finlayson Decl. to Pl.'s Mot. for PI at ¶ 10, ECF 51-36.

Fed.R.Civ.P. 65(b)(1)(A)-(B). SI has failed to comply with these requirements and accordingly, the Court DENIES SI's request for a temporary restraining order with respect to Defendants LELO (Shanghai) Trading Co., Ltd., Suzhou Armocon Technology Co., Ltd., SLS Specialty LLC, and 1960 Novelties, Inc. d/b/a/ Cindie's.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that SI's request for a temporary restraining order is DENIED. SI shall file a Notice of Hearing for a Preliminary Injunction to be set for the Court's next available hearing date. SI may rest on its earlier filed brief and evidence or may file a new brief with supporting evidence. In the event that SI files a new brief with supporting evidence, incorporation by reference to previously filed documents is not allowed.

Dated: November 6, 2015

_____
BETH LABSON FREEMAN
United States District Judge