Tammy J. Terry (CSB No. 230283)
**OSHA LIANG LLP**
909 Fannin Street, Ste. 3500
Houston, TX 77010
Tel.: 713.228.8600
Fax: 713.228.8778
terry@oshaliang.com

Michael A. Molano (CSB No. 171057)
**MAYER BROWN LLP**
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Tel.: 650.331.2035
Fax: 650.331.4535

***Attorneys for Plaintiff***
***Standard Innovation Corporation***

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| STANDARD INNOVATION CORP., | Case No. 5:15-cv-04858-BLF |
| Plaintiff, | **REVISED JOINT CASE MANAGEMENT STATEMENT AND ~~PROPOSED~~ ORDER** |
| v. | |
| LELOI AB, ET AL., | Judge: Hon. Beth Freeman |
| Defendants. | Date: December 17, 2015<br>Time: 11:00 am<br>Courtroom: 3, 5th Floor |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, this Court's "Standing Order Re Civil Cases" ¶ C.2., and the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement," Plaintiff Standard Innovation Corp. ("Standard Innovation") and Defendants LELOi AB, and LELO Inc.

1

(collectively "LELO Defendants")[1] respectfully submit this Revised Joint Case Management Statement and Proposed Order in the connection with the Case Management Conference ("CMC") in this matter pursuant to the Court's instruction during the Case Management Conference on December 17, 2015.

## 1. JURISDICTION AND SERVICE

This is a case for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* In addition, in connection with its counterclaims, the LELO Defendants have invoked this Court's jurisdiction under 28 U.S.C. §§ 1367(a), 2201 and 2202.

Defendants LELOi AB and LELO Inc. have answered and appeared and do not challenge subject matter jurisdiction, but make no representations on behalf of any other named defendant.

Foreign defendants LELO (Shanghai) Trading Co., Ltd., and Suzhou Armocon Technology Co. (collectively, "Foreign Defendants") have not yet been served nor have they appeared; however, Standard Innovation's Motion for Order Permitting Service of Foreign Defendants Pursuant to Fed. R. Civ. Pro. 4(h)(2) is currently pending (Doc. No. 111). The LELO Defendants oppose this motion.

One additional defendant sought to be added by Standard Innovation's proposed Second Amended Complaint, Intimina, Inc., has not yet been served, and service is subject to Standard Innovation's pending Motion for Leave to File Second Amended Complaint (Doc. No. 83), which is opposed by the LELO Defendants (Doc. No. 96).

## 2. FACTS

### A. Brief Description of the Facts

This is a patent infringement case related to the ITC investigation, *In the Matter of Certain Kinesiotherapy Devices and Components Thereof*, Inv. No. 337-TA-823. Plaintiff Standard

---

[1] The only defendants who have answered or appeared are LELOi AB and LELO Inc. Throughout this Statement, "LELO Defendants" only refers to Defendants LELOi AB and LELO Inc. LELOi AB and LELO Inc. make no representations on behalf of any other named defendant.

Innovation alleges that the LELO Defendants infringe (and have infringed) U.S. Patent No. 7,931,605 ("the '605 Patent") by making, using, offering to sell, selling, and importing into the United States certain couples massager devices.  In its Final Determination, the ITC found that some of LELO Defendants' products infringed the '605 Patent while other products did not infringe, and that the prior art presented by the respondents in the ITC proceeding did not render the patent invalid. Having found infringement, the ITC issued cease and desist orders as well as a General Exclusion Order banning the importation into the United States, selling, or selling after importation any infringing products.  The ITC's orders went into effect on August 17, 2013. The LELO Defendants appealed the ITC's Final Determination to the Court of Appeals for the Federal Circuit on multiple grounds.   On appeal, the Federal Circuit reversed the ITC's Final Determination holding that Standard Innovation had not met the economic prong of the domestic industry requirement under Section 337 (a quasi-jurisdictional requirement unique to the ITC). The Federal Circuit did not address the non-infringement and invalidity issues raised on appeal. Due to the Federal Circuit's reversal, the ITC rescinded its General Exclusion Order and cease and desist orders on July 21, 2015.

On October 21, 2013, the LELO Defendants filed a request for *ex parte* reexamination of the '605 Patent in the USPTO challenging the validity of most claims of the '605 Patent.  The USPTO granted the request on November 22, 2013, but ultimately confirmed the patentability of all challenged claims without requiring any amendments to the claims.

On August 4, 2015, the parties timely filed a Joint Status Report and the stay was effectively lifted the following day.  On August 26, 2015, Standard Innovation amended its complaint to add foreign defendants LELO (Shanghai) Trading Co., Ltd., and Suzhou Armocon Technology Co.   Standard Innovation filed a Motion for Leave to File a Second Amended Complaint to add Intimina, Inc., as a party on October 9, 2015 (Doc. No. 83).

On October 21, 2015, the United States District Court for the Southern District of Texas granted LELO Defendants' motion to transfer (Doc. No. 85) and this case was transferred to this District on October 23, 2015 (Doc. No. 86).

The LELO Defendants allege that they do not infringe any claim of the '605 Patent, and that the '605 Patent is invalid.  In addition, the LELO Defendants have asserted counterclaims for a declaratory judgment of non-infringement and invalidity of the claims of the '605 Patent.

**B.      Principal Factual Issues which the Parties Dispute**

Based on the current pleadings, the principal factual issues in dispute are:

(1) Whether the accused products infringe one or more of the claims of the '605 Patent.

(2) Whether the '605 Patent is valid.

(3) Whether the '605 Patent is unenforceable for inequitable conduct.

(4) If Standard Innovation is entitled to damages, the amount of Standard Innovation's damages for any infringement of a valid claim of the '605 Patent.

**3.      LEGAL ISSUES IN DISPUTE**

The principle legal issues in dispute are:

(1) The proper construction of the disputed terms in the asserted claims of the '605 Patent.

(2) Whether the LELO Defendants have been or are now infringing the '605 Patent.

(3) Whether Standard Innovation is entitled to a permanent injunction enjoining the LELO Defendants from further infringement.

(4) Whether the '605 Patent is valid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

(5) Whether the '605 Patent is unenforceable for inequitable conduct before the USPTO during prosecution and during *ex parte* reexamination.

(6) Whether any party is entitled to costs and attorneys' fees under 35 U.S.C. § 285.

(7) Whether this case is exceptional pursuant to 35 U.S.C. § 285, entitling any party to recovery of attorneys' fees, costs, and expenses incurred in prosecuting this case.

**4.      MOTIONS**

Standard Innovation has two pending motions at this time, including Motion for Leave to File Second Amended Complaint (Doc. No. 83) and Motion for Order Permitting Service under F.R.C.P. 4(h)(2) (Doc. No. 111).

1    **5.    AMENDMENT OF PLEADINGS**

2        Standard Innovation does not currently know whether amendments to the pleadings will be

3    required beyond those proposed in Standard Innovation's Motion for Leave to File Second

4    Amended Complaint (Doc. No. 83).

5        The LELO Defendants anticipate amending the pleadings to add an additional affirmative

6    defense of inequitable conduct.

7    **6.    EVIDENCE PRESERVATION**

8        Standard Innovation and the LELO Defendants certify they have reviewed the Guidelines

9    Relating to the Discovery of Electronically Stored Information ("ESI"), and confirm they have met

10   and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken

11   to preserve evidence relevant to the issues reasonably evident in this action.

12   **7.    DISCLOSURES**

13       Pursuant to Fed. Rule of Civ. P. 26(f), Standard Innovation and the LELO Defendants

14   conferred telephonically on September 15, 2015 prior to this case's transfer to this District.

15       Standard Innovation and the LELO Defendants agree to exchange initial disclosures on

16   January 6, 2016, and will make further disclosures in compliance with P.L.R. 3-1 – 3-4.

17   **8.    DISCOVERY**

18       **A.    Discovery Taken to Date**

19       Standard Innovation and the LELO Defendants held their Rule 26(f) Conference prior to

20   this case's transfer to this District on September 15, 2015.

21       Discovery Subjects:  The general subjects on which discovery will be needed include the

22   factual issues in dispute above, and include the alleged infringement of the '605 Patent;

23   conception, ownership, and prosecution of the '605 Patent; the nature and operation of the accused

24   products; invalidity and enforceability of the '605 Patent; any licensing of the '605 Patent; and

25   alleged damages.

26       Standard Innovation and the LELO Defendants have agreed to the following limitations:

27       (a)    Depositions:  Standard Innovation and the LELO Defendants propose that the

28   parties comply with the discovery limitations agreed to in the parties' initial Case Management

---

Conference Statement (Doc. No. 58).  Standard Innovation and the LELO Defendants also reserve all rights to seek further modifications of the limits set under the applicable rules and agree to confer in good faith if a need arises for additional discovery.

(b)     Expert Discovery:  Standard Innovation and the LELO Defendants agree that the limits on expert discovery set forth in Fed. R. Civ. P. 26(b)(4)(B) and (C) shall be enforced in this matter.  Standard Innovation and the LELO Defendants  stipulate that counsel need not preserve drafts of expert reports (partial or complete), notes and other evidence of communications with experts on the subject of the expert's actual or potential testimony, provided, however, that this Paragraph 8.A(b) shall not apply to any communications or documents that the expert relied upon in forming his or her opinion as expressed in an affidavit, report, or testimony in connection with this civil action, or on which the expert intends to rely as a basis for an opinion expressed in an affidavit, report, or testimony in connection with this civil action.  Such communications or documents shall be subject to discovery and (to the extent otherwise admissible) to inquiry at trial. In addition, discovery concerning an expert's compensation is permissible.

(c)     Interrogatories:  Standard Innovation and the LELO Defendants agree that pursuant to Fed. R. Civ. P. 33 each party is limited to serving on any other party no more than 25 written interrogatories, including all discrete subparts.

(d)     Requests for Admissions:  Each party may propound a maximum of 50 requests for admission on topics other than the authenticity of documents.  There will be no limit on the number of requests for admission as to the authenticity of documents.

(e)     Privilege log:  Neither party shall be required to log privileged materials that post-date the December 2, 2011 filing of Standard Innovation's Complaint in this matter.

**B.     Scope and Phasing of Anticipated Discovery**

Standard Innovation and the LELO Defendants intend to pursue discovery in the form of requests for documents and other things, interrogatories, depositions, and all forms of discovery authorized by the Federal Rules.  Standard Innovation and the LELO Defendants may seek third-party discovery.

Standard Innovation and the LELO Defendants do not believe that discovery should be phased with two exceptions:  (1) Standard Innovation and the LELO Defendants agree to the phasing of email discovery set forth in the Northern District of California Model Stipulated Order regarding Discovery Of Electronically Stored Information For Patent Litigation; and (2) Standard Innovation and the LELO Defendants agree that fact discovery should be complete before expert reports are due and expert discovery commences.

**C.      Electronically Stored Information**

Standard Innovation and the LELO Defendants agree that the case be governed by the Northern District of California "Model Stipulated Order regarding Discovery of Electronically Stored Information for Patent Litigation."

**D.      Issues Regarding Claims of Privilege and Work Product**

Standard Innovation and the LELO Defendants agree that Fed. R. Civ. P. 26(b)(5)(B) shall be enforced in this matter, and agree that the Court should enter an order governing non-waiver of privilege due to inadvertent disclosure of privileged information.  Standard Innovation and the LELO Defendants will negotiate a proposed provision and include it in the proposed Protective Order that Standard Innovation and the LELO Defendants expect to submit to the Court.

The only defendants who have answered or appeared are LELOi AB and LELO Inc., and LELOi AB and LELO Inc. make no representations on behalf of any other named defendant.

**E.      Stipulated Protective Order**

Standard Innovation and the LELO Defendants agree that a stipulated protective order should be entered and further agree to use the Northern District of California model order for patent cases involving highly-sensitive materials as their model, with certain agreed upon modifications tailored to this case. Standard Innovation and the LELO Defendants expect to submit a proposed stipulated Protective Order for the Court's consideration shortly.

**F.      Email Service Agreement**

Standard Innovation and the LELO Defendants  have agreed to accept service of discovery requests, discovery responses, expert reports and other documents that are not served through the ECF system (for example, sealed pleadings) by email.  Hard copies will be provided by overnight

1   mail upon request by the receiving party.  Standard Innovation and the LELO Defendants further

2   agree to accept service by other reasonable electronic means, such as by an email providing access

3   to the documents on an ftp site or through online services such as DropBox or Secure FTP, so

4   long as the sender provides instructions on how to access the documents.  Standard Innovation and

5   the LELO Defendants further agree that a document is deemed served on a particular day if it (or

6   an email providing access to it) is received by midnight Pacific Time on that calendar day

7   (provided that the sender does not receive any indication that the email transmission was

8   unsuccessful).  Standard Innovation and the LELO Defendants will meet and confer regarding

9   service lists, but in the absence of any additional agreement, Standard Innovation and the LELO

10  Defendants will serve counsel of record who are deemed to have consented to electronic service.

11  **9.      CLASS ACTIONS**

12          Not applicable.

13  **10.     RELATED CASES**

14          None.

15  **11.     RELIEF**

16          Plaintiff's Request:  Standard Innovation seeks money damages for the LELO Defendants'

17  infringement of Standard Innovation's '605 Patent, together with prejudgment interest and a

18  permanent injunction barring Defendants and all their affiliates from further acts of

19  infringement and an award of reasonable attorneys' fees, expenses, costs, and prejudgment

20  interest based on a finding that this case is exceptional under 35 U.S.C. § 285.

21          Defendants' Request:   The LELO Defendants seek a judgment denying Standard

22  Innovation all relief requested, a declaration of non-infringement and invalidity, an award of

23  prejudgment and post-judgment interest and costs, and attorneys' fees based upon a finding that

24  this case is exceptional under 35 U.S.C. § 285.

25  **12.     SETTLEMENT AND ADR**

26          In the related ITC investigation (337-TA-823), Standard Innovation and the LELO

27  Defendants participated in three mandatory settlement conferences, none of which resulted in

28  resolution of any disputes.

---

In *Lelo Inc. v. Standard Innovation Corp. et. al*, LELO Inc. and Standard Innovation Corporation and Standard Innovation (US.) Corp. participated in a mandatory in-person settlement meet-and-confer in August 2015 and a mandatory settlement conference in September 2015, during which those parties discussed settling all disputes between them.  The parties have not been able to reach resolution.  The next settlement conference in that case is scheduled for March 8, 2016.  The parties' principals plan to discuss potential settlement of all disputes either by phone or in person before then.  Based on prior settlement discussions, Standard Innovation and the LELO Defendants believe a prompt settlement is unlikely.

Standard Innovation and the LELO Defendants will file a Stipulated Agreement to ADR by April 1, 2016 (Doc. No. 127) or request the Court's assistance on this issue if a stipulation cannot be reached.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Standard Innovation and the LELO Defendants respectfully decline the appointment of a Magistrate Judge for all purposes.

**14.   OTHER REFERENCES**

Standard Innovation and the LELO Defendants do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

Standard Innovation and LELO Defendants believe that issues of infringement and invalidity may be narrowed by claim construction and summary judgment motions.

**16.   EXPEDITED SCHEDULE**

Not applicable (Doc. No. 127).

**17.   SCHEDULING**

Standard Innovation and the LELO Defendants propose the schedule in the attached Appendix A.

18.   **TRIAL**

The trial will be a jury trial.  Standard Innovation anticipates it will take approximately 3-4 full court days to present its evidence at trial.   LELO Defendants anticipate it will take approximately 5-7 full court days to present their evidence at trial.

19.   **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Standard Innovation and the LELO Defendants have filed the "Certification of Interested Entities of Persons" required by Civil Local Rule 3-16 (Docket Item Nos. 2, 42, 43).

20.   **PROFESSIONAL CONDUCT**

All attorneys of record for Standard Innovation and the LELO Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED:  January 6, 2015                By:*/s/Tammy J. Terry*_____
                                      Tammy J. Terry (CA State Bar No. 230283)
                                      terry@oshaliang.com
                                      **OSHA LIANG LLP**
                                      909 Fannin Street, Ste. 3500
                                      Houston, TX  77010
                                      Tel.: (713)-228-8600
                                      Fax: (713)-228-8778

                                      *Attorneys for Plaintiff*
                                      *STANDARD INNOVATION CORP.*


                                      By:*/s/ Hector J. Ribera*_____
                                      HECTOR J. RIBERA (CSB No. 221511)
                                      hribera@fenwick.com
                                      CAROLYN CHANG (CSB No. 217933)
                                      cchang@fenwick.com
                                      KUNYU CHING (CSB No. 292616)
                                      kching@fenwick.com
                                      FENWICK & WEST LLP
                                      Silicon Valley Center
                                      801 California Street
                                      Mountain View, CA 94041
                                      Telephone: 650.988.8500
                                      Facsimile: 650.938.5200

                                      BRYAN A. KOHM (CSB No. 233276)
                                      bkohm@fenwick.com
                                      LAUREN E. WHITTEMORE (CSB No. 255432)

_____
**JOINT CASE MANAGEMENT STATEMENT**              10
**Case No. 5:15-cv-04858-BLF**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

lwhittemore@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

*Attorneys for Defendants*
*LELOi AB and LELO INC.*

## APPENDIX A – ~~PROPOSED~~ SCHEDULE

| Event | Date |
|---|---|
| Disclosure of Asserted Claims and Infringement Contentions (Patent L.R. 3-1, 3-2) | December 31, 2015<br><br>[14 days after initial CMC - PLR 3-1] |
| Invalidity Contentions (Patent L.R. 3-3, 3-4) | February 15, 2016<br><br>[45 days after Disclosures of Asserted Claims and Infringement Contentions - PLR 3-3] |
| Proposed claim terms for construction (Patent L.R. 4-1) – Standard Innovation proposes no more than two terms per side, LELO Defendants propose no more than five terms per side | February 29, 2016<br><br>[14 days after service of Invalidity Contentions - PLR 4-1] |
| Deadline for Parties to File Stipulated Schedule to Reduce Claims | March 1, 2016<br><br>Case Management Order (Doc. No. 127) |
| Parties exchange Preliminary Claim Constructions and identify supporting evidence and experts (Patent L.R. 4-2) | March 21, 2016<br><br>[21 days after exchange of proposed terms - PLR 4-2] |
| Deadline for Parties to File Stipulated Agreement to ADR | April 1, 2016<br><br>Case Management Order (Doc. No. 127) |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | April 15, 2016<br><br>[60 days after service of Invalidity Contentions - PLR 4-3] |
| Close of Claim Construction Discovery (Patent L.R. 4-4) | May 16, 2016<br><br>[30 days after filing JCCPS - PLR 4-4] |
| Deadline to Amend Pleadings | July 29, 2016 |
| Plaintiff's Opening Claim Construction Brief due (Patent L.R. 4-5) | May 31, 2016<br><br>[45 days after filing JCCPS - PLR 4-5] |
| Defendants' Opposition Claim Construction Brief due(Patent L.R. 4-5) | June 14, 2016<br><br>[14 days after opening brief - PLR 4-5] |

| | |
|---|---|
| Plaintiff's Reply Claim Construction Brief due (Patent L.R. 4-5) | June 21, 2016<br><br>[7 days after opposition briefs - PLR 4-5] |
| Claims Construction Technology Tutorial (Patent L.R. 4-6) | Oct. 28, 2016 at 9:00 a.m.<br><br>Case Management Order (Doc. No. 127) |
| Claim Construction Hearing (Patent L.R. 4-6) | Nov. 4, 2016 at 9:00 a.m.<br><br>Case Management Order (Doc. No. 127) |
| Deadline for settlement conference | Within 30 days of Claim Construction Ruling |
| Close of Fact Discovery | 60 days after Claim Construction Ruling |
| Opening expert reports due | 90 days after Claim Construction Ruling |
| Rebuttal expert reports due | 120 days after Claim Construction Ruling |
| Close of expert discovery | 150 days after Claim Construction Ruling |
| Deadline for dispositive motions to be filed | 30 days after close of expert discovery |
| Last Day to Hear Dispositive Motions | June 1, 2017 at 9:00 a.m.<br><br>Case Management Order (Doc. No. 127) |
| Final Pretrial Conference | Aug. 31, 2017 at 1:30 p.m.<br><br>Case Management Order (Doc. No. 127) |
| Trial | Sept. 25, 2017 at 9:00 a.m.<br><br>Case Management Order (Doc. No. 127) |



**JOINT CASE MANAGEMENT STATEMENT**
**Case No. 5:15-cv-04858-BLF**

13